# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEVEN WILKINSON | : | CIVIL NO. 3:10-CV-1435 |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| KENNETH CAMERON, | : | |
| Respondent. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of The Case

This case is one of two habeas corpus petitions filed by Steven Wilkinson, a state prisoner, pursuant to 28 U.S.C. § 2254. In these two petitions, Wilkinson separately named the state parole board and the Attorney General as Respondents, and asserted that the state parole board violated various plea agreements which he had with state and federal authorities through its administration and calculation of sentences imposed on Wilkinson for new crimes, and state parole violations.

In connection with these petitions, the Petitioner has submitted a discovery motion (Doc. 18) seeking all state parole board records relating to his sentence calculation. Wilkinson has made this identical request in both cases which he has

1

filed, asking the Court to assist him is securing all pertinent state parole board sentence calculation records.

In Wilkinson's companion case against the state parole board, the parole board has filed a response on the merits of his petition which appears to provide Wilkinson with much of the information he seeks regarding how this sentence calculation was conducted. Nonetheless Wilkinson has persisted in pursuing a discovery motion in this case, which names the Attorney General as Respondent, demanding the same information from this Respondent. (Doc. 18).

The Attorney General has now filed a response and brief in opposition to this discovery motion. (Docs. 38 and 39.) In this response, the Attorney General raises a fourfold objection to Wilkinson's discovery request noting:

> First, Wilkinson's motion for production of documents should be denied because the claim underlying the request for discovery is procedurally defaulted and ineligible for merits review by this Court under 28 U.S.C. § 2254.
>
> Second, Wilkinson's motion for production of documents should be denied because the claim underlying the request for discovery is, on its face, without merit as a matter of law.
>
> Third, Wilkinson's motion for production of documents should be denied because the documents requested by Wilkinson are in the possession of the Pennsylvania Board of Probation and Parole, which is the Respondent in the companion habeas corpus petition filed at No 3:10-CV-01436.

> Fourth, Wilkinson's motion for production of documents should be denied because the documents relevant to Wilkinson's habeas corpus claims are attached as exhibits to the Pennsylvania Board of Probation and Parole's response to Wilkinson's habeas corpus petition filed at No 3:10-CV-01436.

(Id.)

This matter has been fully briefed by the parties, (Docs. 18, 38, 39, and 42) and is ripe for resolution. For the reasons set forth below, in the exercise of our discretion, we will deny this discovery request.

## II. Discussion

Habeas petitioners have no absolute right to make discovery demands upon respondents. Thus, " '[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).' " Vasquez v. Glover, No. 09-2593, 2010 WL 2569715, *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. See Levi v. Holt, 192 F.App'x 158, 162 (3d Cir. 2006). That discretion is guided by certain basic principles, however. Thus "Rule 6(a) of the Rules Governing Section 2254 Cases, . . . , provides that discovery will not be granted except for good cause." Id. Therefore, it is incumbent upon the Petitioner to make a showing of good cause to justify discovery in these proceedings. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987).

Rather, "[u]nder the 'good cause' standard of the § 2254 Rules, a district court should grant leave to conduct discovery in habeas proceedings only ' "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief." ' Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Vasquez v. Glover, supra, 2010 WL 2569715, * 1. Accordingly, where there appear to be threshold legal bars to a state prisoner-petitioner obtaining habeas relief, the proper course is to deny motions seeking factual discovery. Brown v. DiGuglielmo, No. 07-3465, 2007 WL 4242266, *1 (E.D.Pa. Nov. 29, 2007), citing Williams v. Bagley, 380 F.3d 932, 974-76 (6th Cir.2004) (noting that discovery requests relating to procedurally defaulted claims were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F.Supp.2d

4

513, 518-20 (E.D.Pa.1998) (same).

Applying these benchmarks in this case, in the exercise of our discretion we find that further discovery of the type proposed by Wilkinson is not appropriate, or necessary, here. In this regard we note that Respondents' objections to this discovery at the present stage of these proceedings are well taken. At the outset, given the Respondents' claim that Wilkinson has not fulfilled his legal responsibility to exhaust available state remedies, it would seem premature to entertain discovery requests.

Contrary to Wilkinson's suggestion that the Court can simply ignore or forego the exhaustion requirement, it is well established that state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(2). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See, Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002). A petitioner who has failed to properly pursue a claim in state court in accordance with state legal procedures can overcome this procedural bar to habeas relief only by showing either: (1) both a valid cause for the procedural default and actual prejudice as a result of some violation of federal law;

see, Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004), or (2) that the failure to review the petitioner's claim will inevitably "result in a fundamental miscarriage of justice". Coleman v. Thompson, 501 U.S. 722, 750 (1991).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir.

1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005). Thus, it is now well-settled that exhaustion of available state remedies is an absolute prerequisite to filing a federal habeas petition. 28 U.S.C. § 2254(b)(1). As the United States Court of Appeals for the Third Circuit has held "[i]t is axiomatic that a federal habeas court may not grant a petition for writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied 532 U.S. 919 (2001).

Where, as here, an unresolved exhaustion issue is presented in a state habeas petition, we believe that the better course in the exercise of our discretion is to direct the parties to address the merits of this threshold legal issue before indulging in extended factual discovery. Moreover, we agree with the Respondents' observation that the requested records, which appear to relate to the parole board's calculation of Wilkinson's sentence, should either be sought from, or have been produced by, the Respondents in the companion case of Wilkinson v. Pennsylvania Board of Probation and Parole, 3:10-CV-1436. Therefore, seeking further discovery of the same

materials relating to this parole sentence credit calculation from these Respondents is not appropriate.

## III. Conclusion

Accordingly, for the foregoing reasons, it is ORDERED that the Petitioner's motion for discovery, (Doc. 18), is DENIED.

So ordered, this 12th day of August, 2010.

*S/Martin C. Carlson*
**United States Magistrate Judge**
